**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: THEODORE G. BORREGO and VERONICA PAZ BORREGO, <u>            Debtors.            </u>/ | Case No: 25-14217-RAM<br><br>Chapter 13 |
| Engineered Comfort Systems, Inc.,<br>           Plaintiff,<br>v.<br><br>THEODORE G. BORREGO and<br>VERONICA PAZ BORREGO,<br><u>           Defendants.            </u>/ | Adv. Proc. No. 25-1323-RAM |

**DEFENDANTS' ANSWER AND AFFRIMATIVE DEFENSES TO**
**PLAINTIFF'S *COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS***

ANSWER

Defendants, THEODORE G. BORREGO and VERONICA PAZ BORREGO, answer Plaintiff's *Complaint to Determine Dischargeability of Certain Debts* [ECF#1] ("the Complaint") as follows:

1. Defendants admit the allegations of paragraphs one, two, three, four, five, 11, 13, 19, 20, 27, 31, 32, 33, and 34;

2. With respect to paragraphs 14, 15, 16, 18, and 28, as the referenced documents are the best evidence of what they say and don't say, Defendants admit the allegations to the extent that the referenced documents so provide, and they deny the allegations to the extent the referenced documents do not so provide;

3. Defendants deny the allegations of paragraphs 10, 25, 29, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, and 55;

4.      With respect to the allegations of paragraph six, Defendants deny they caused plaintiff any damages; they deny that Borrego was Plaintiff's former New Business Development Director; and they deny that they independently or collectively or concertedly used Plaintiff's goodwill, proprietary information, or property on false pretenses or actual fraud, or on embezzlement and/or theft, or on various forms of fraud;

5.      With respect to the allegations of paragraph seven, Defendants deny that ECS provides sales, installation, and maintenance services to homeowners, but admit the rest and remainder of the allegations therein;

6.      With respect to the allegations of paragraph eight, Defendants deny that Borrego was hired as a New Business Development Director, but admit the rest and remainder of the allegations therein;

7.      With respect to the allegations of paragraph nine, Defendants lack knowledge or information sufficient to form a belief about their truth, and to the extent they are in possession of the referenced document, it is only because Plaintiff attached it to the Complaint or to documents it filed in the Civil Lawsuit as that term is defined in paragraph 27 of the Complaint;

8.      With respect to the allegations of paragraph 12, Defendants admit that ASAP was formed without disclosing same to ECS, but deny the rest and remainder of the allegations therein;

9.      With respect to the allegations of paragraph 17, Defendants lack knowledge or information sufficient to form a belief about the truth of whether the referenced employees

were subject to restrictive employment agreements with Plaintiff, and they deny the rest and remainder of the allegations therein;

10. With respect to the allegations of paragraph 21, there are only two clients that Plaintiff and ASAP had in common, Betsy Ross, and Atlantic 3. At the time ASAP provided service to Betsy Ross, it was no longer a client of Plaintiff, and at the time ASAP provided services to Atlantic 3, it was the result of Atlantic 3 inquiring about ASAP's ability to deliver services to it, not as a result of ASAP's solicitation of Atlantic 3;

11. With respect to the allegations of paragraph 22, Defendants admit that Defendant Borrego performed estimates and services for Atlantic 3, but deny the rest and remainder of the allegations contain therein;

12. With respect to the allegations of paragraph 23, Defendant Paz-Borrego lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein; Defendant Borrego recalls that ASAP may have been done work for Atlantic 3 at or near the date indicated, but does not recall whether it was the replacement of two exhaust fans and therefore lacks knowledge or information sufficient to form a belief about the truth of that allegation;

13. With respect to the allegations of paragraph 24, Defendants lack knowledge or information about any disclosures that Atlantic 3 made to Plaintiff and therefore lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24;

14. With respect to the allegations of paragraph 26, Defendants admit that ASAP did business with Betsy Ross, a former client – but not a then current client – of ECS, and that ASAP did business with Atlantic 3, but deny the rest and remainder of the allegations contained therein;

15. With respect to the allegations of paragraph 30, Defendants deny that they failed to respond to the referenced discovery, but admit that the referenced Court entered the referenced order;

16. With respect to the allegations of paragraph 35, Defendants admit that they did not produce any of the referenced email communications because they do not have any in their possession, custody, or control, and that they did not produce a complete record of ASAP invoices for the same reason. Defendants deny that they failed to produce tax returns and bank statements;

17. With respect to the allegations of paragraph 36, Defendants admit that ECS, through counsel, requested that the Defendants complete their response to the Rule 2004 request, but deny that they failed to produce all requested documents that they have in their possession, custody, or control;

18. With respect to the allegations of paragraph 39, Defendants admit that they formed ASAP while Defendant Borrego was employed by ECS, but deny the rest and remainder of the allegations therein;

WHEREFORE, Defendants, THEODORE G. BORREGO and VERONICA PAZ BORREGO, request judgment in their favor and against Plaintiff on all counts.

All allegations not heretofore admitted or denied are hereby denied. Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint.  In further answer to the Complaint, and as and for separate affirmative defenses, Defendants allege as follows:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed;

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, consent, unclean hands, *in pari delicto*, and/or release;

THIRD AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other affirmative defenses and/or special defenses that may become available during the course of discovery in this adversary proceeding, and thus, reserves the right to amend their Answer, file further pleadings, and assert additional defenses as necessary or appropriate. Defendants reserve all rights provided to it by the Bankruptcy Code or other applicable non-bankruptcy law.

Submitted By:

/s/ James Schwitalla
James Schwitalla, Esquire
F.B.N. 911488

The Bankruptcy Law Offices of James Schwitalla, P.A.
Park Place II • 12954 SW 133 Court • Miami, FL 33186 • Telephone: (305) 278-0811 • Telecopier (305) 278-0812
www.MiamiBankruptcy.net

Attorney for the Defendants
Park Place II
12954 S.W. 133 Court
Miami, Florida 33186
Office (305) 278-0811